Opinion filed June 22, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed June 22, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00150-CR 

                                                    __________

 

                           CHARLIE MAC CUNNINGHAM, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 32nd District Court

 

                                                          Nolan
County, Texas

 

                                                   Trial
Court Cause No. 9902-A

 



 

                                                                   O
P I N I O N

 

The jury convicted Charlie Mac Cunningham of three
counts of aggravated sexual assault,  two
counts of indecency with a child by exposure, and three counts of indecency
with a child by contact.  The trial court
assessed punishment at seventy years confinement for each of the  aggravated sexual assault convictions, ten
years confinement for each of the indecency with a child by exposure
convictions, and twenty years confinement for each of the indecency with a
child by contact convictions.  We affirm.








There is no challenge to the sufficiency of the
evidence.  The victim testified that
appellant, her stepfather, touched her on her Aprivate
places.@  The victim stated that appellant touched her Aprivate places@
with his Atongue,
his penis, and sometimes his finger.@  The victim further stated that, when
appellant touched her, his penis, finger, and tongue went Ainside@
of her.  Patti Henry, a nurse who
examined the victim, testified that the victim said appellant put Ahis pee pee@
in her Aprivate.@ Henry further testified that the
victim=s Ahymen@
was missing and that A[t]hat=s the number one indication of sexual
abuse in the child.@ 

In his sole point of error, appellant complains
that the trial court erred in refusing to admit his expert=s testimony.    We review the trial court=s decision to admit or exclude evidence
under an abuse of discretion standard.  Green
v. State, 934 S.W.2d 92, 101‑02 (Tex. Crim. App. 1996);  Montgomery v. State, 810 S.W.2d 372,
379‑80 (Tex. Crim. App. 1991).  A
reviewing court should not reverse a ruling which was within the Azone of reasonable disagreement.@  
Green, 934 S.W.2d at 101‑02.

Appellant called Dr. Jerome Eugene Smola, who was
not designated as an expert witness, to testify.  Appellant argued that he was offering Dr.
Smola=s testimony
to rebut Henry=s
testimony.    Appellant stated that Henry
testified Ato
certain facts concerning . . . some anecdotal information about a woman that
had children who had babies at 15 years of age and their hymens totally
intact.  That=s
something [he] couldn=t
have foreseen that she was going to say in testimony here.@ 
Appellant further stated that Henry testified about the Aanterior hymen being present and
undamaged.@   The State responded that Henry testified
that she Adid not
check [the victim=s]
anterior hymen.@   The State further argued that Athe fact that it=s
highly unlikely that someone could give birth to a baby and still have their
hymen intact doesn=t rebut
what [Henry] says. [Henry] said there are documented cases of it.@ 









The trial court found that appellant had not
designated Dr. Smola as an expert pursuant to the State=s
request and that Dr. Smola=s
testimony Ais not in
line of direct rebuttal of the testimony of Patti Henry.@
The trial court allowed appellant to present Dr. Smola=s
testimony as a bill of exception, outside the presence of the jury, at the
conclusion of the case.   Appellant
argues on appeal that the trial court denied him his Sixth Amendment right to
present a defense.  After viewing the
record, we agree with the trial court=s
finding that Dr. Smola=s
testimony was not direct rebuttal to Henry=s
testimony.  Dr. Smola=s testimony was on a collateral
issue.  Tex.
R. Evid. 401 defines relevant
evidence as Aevidence
having any tendency to make the existence of any fact that is of consequence to
the determination of the action more probable or less probable than it would be
without the evidence.@  For evidence to be relevant, it should be Ahelpful in determining the truth or
falsity of any fact that is of consequence to the lawsuit.@ 
Montgomery v. State, 810 S.W.2d at 376; see Felan v. State,
44 S.W.3d 249, 255 (Tex.App.CFort
Worth 2001, pet. ref=d).  The trial court did not abuse its discretion
in excluding the testimony and did not deny appellant his right to present a
defense.  Appellant=s sole point of error is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

June 22, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.